**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

ABUSSAMAA RASUL RAMZIDDIN,        :
                                  :   Civil Action No. 07-5868 (FSH)
          Plaintiff,              :
                                  :
                                  :
     v.                           :   **OPINION**
                                  :
JAMES T. PLOUSIS, et al.,         :
                                  :
          Defendants.             :

**APPEARANCES**:

    ABUSSAMAA RASUL RAMZIDDIN, Plaintiff pro se
    # 188577/28342050
    Passaic County Jail
    11 Marshall Street
    Paterson, New Jersey 07505

**HOCHBERG**, District Judge

    Plaintiff Abussamaa Rasul Ramziddin, currently confined at the Passaic County Jail in Paterson, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983 and/or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging violations of his constitutional rights.  Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed with prejudice.

## I.   BACKGROUND

Plaintiff, Abussamaa Rasul Ramzaddin ("Ramziddin"), brings this action against the following defendants: James T. Plousis, Chief of the U.S. Marshals for the District of New Jersey; Dan Abel, Prisoner Liaison Officer at the U.S. Marshals for the District of New Jersey; Michael B. Mukasey, Attorney General of the United States; and John Does 1 through 50.  (Complaint, Caption and ¶¶ 12-15).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Ramziddin alleges that he was a federal pretrial detainee confined at the Passaic County Jail at the time of the incident at issue in this Complaint.  On or about September 22, 2007, Ramziddin learned that his mother was critically ill and hospitalized at the Overlook Hospital in Summit, New Jersey.  Plaintiff's mother was soon to be taken off life-support systems and Ramziddin's family were trying to arrange a death-bed visit for Ramziddin and his mother.  This request for visitation was

denied.  About 9:30 p.m. on September 22, 2007, Ramziddin was informed that his mother had died.  The following Monday, September 24, 2007, plaintiff reported his mother's death to the Ombudsman Corporal Washington at the Passaic County Jail, and was informed of the procedures necessary for escort to his mother's funeral.  However, the Passaic County Jail did not provide authorization for escort to the wake or funeral.  Ramziddin was allowed to contact his attorney, who in turn tried to secure the necessary escort for plaintiff's attendance at his mother's funeral, to no avail.

The funeral of Ramziddin's mother took place on September 28, 2007, and Ramziddin was not permitted to attend.  He claims that the inability to say farewell to his mother has caused him great emotional and physical distress, exacerbating a severe chronic medical condition, in violation of his Eighth and Fourteenth Amendment rights.  He also alleges that there seems to be no clear guidelines regarding the regulations dealing with federal pretrial detainees housed in the Passaic County Jail.

Ramziddin seeks to recover $1.5 million in compensatory and punitive damages.

##       II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action

in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Here, plaintiff was a prisoner who is proceeding in forma pauperis, and he is asserting claims against government prison officials with respect to incidents occurring while he was confined.  Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). See also Erickson, 127 S.Ct. at 2200 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, ___ (2007) (slip op., at 7-8) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain

statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   BIVENS ACTIONS

Ramziddin brings this matter under 42 U.S.C. § 1983, but this statute pertains to civil rights claims against state government officials.  Here, plaintiff asserts his civil rights claims against federal officials; therefore, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) governs.  In Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.[1]  The Supreme Court has also implied

---

[1] Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005).  Both are designed to provide redress for constitutional

6

Bivens damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

The United States has sovereign immunity except where it consents to be sued. United States v. Mitchell, 463 U.S. 206, 212 (1983). In the absence of such a waiver of immunity, Ramziddin cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87 (1994), or against any of the individual defendants in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government).

However, a Bivens-type action seeking damages from the individual defendants is an action against them in their

---

violations. Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits. Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987)).

7

individual capacities only.  See, e.g., Armstrong v. Sears, 33 F.3d 182, 185 (2d Cir. 1994); Johnston v. Horne, 875 F.2d 1415, 1424 (9th Cir. 1989).  Here, it appears that Ramziddin is seeking money damages from federal officials who were acting in their individual capacities.  Accordingly, the Court will review the Complaint to determine whether it states any cognizable claims sufficient to withstand summary dismissal at this time pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and § 1915A.

## IV.  ANALYSIS

In this case, Ramziddin alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by causing him extreme mental and physical anguish when he was denied the opportunity to attend his mother's funeral, or otherwise touch her one last time and say good-bye to her.[2]  He also alleges that the Due Process Clause of the Fifth or Fourteenth Amendments, which provides that liberty interests of a constitutional dimension may not be rescinded without certain procedural protections, was violated.

Ramziddin's allegation that his civil rights were violated when he was denied the opportunity to attend his mother's funeral does not rise to the level of a constitutional magnitude.  A prisoner does not retain a liberty interest in attending a family

---

[2] Ramziddin couched his claim in terms of the Eighth Amendment; however, because he is a pretrial detainee, it is apparent that the "right" to attend a funeral is more properly examined under the Fifth or Fourteenth Amendment's due process clause.

member's funeral, and denial of such an opportunity does not impose an atypical or significant hardship on the inmate in relation to the normal incidents of prison life.  See Sandin v. Conner, 515 U.S. 472, 484-86 (1985).  Other courts that have addressed this issue have held that prisoners do not retain a constitutional right to attend a family member's funeral.  See e.g., Dumas v. Pennsylvania Department of Corrections, 2007 WL 1276908 (W.D. Pa. Apr. 27, 2007); Fisher v. McBride, 2007 WL 120079 (D.Del. Jan. 12, 2007); Rodriguez v. Woodruff, 2006 WL 2620472 (S.D. Tex. Sept. 12, 2006); Mills v. Walker, 2005 WL 2807171 (D.N.J. Oct. 25, 2005)(holding that there is no constitutionally protected liberty interest in the attendance of a funeral for either a pretrial detainee or convicted prisoner); Hilliard v. Andrews, 2005 WL 1629954 (W.D. La. July 8, 2005); Cruz v. Sielaff, 767 F. Supp. 547, 550 (S.D.N.Y. 1991)(no federal right recognized under § 1983 to attend a family member's funeral).

While this Court sympathizes with plaintiff and finds it unfortunate that he could not attend his mother's funeral, or to view her one last time, the denial of attending the funeral does not state a cognizable claim of a federal constitutional deprivation.  Therefore, this Complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

9

V. <u>CONCLUSION</u>

    For the reasons expressed above, the Court will dismiss the Complaint with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate Order follows.


                                          <u>/s/ Faith S. Hochberg</u>
                                          United States District Judge
Dated:  April 1, 2008